IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

In the Matter of

NATIONAL LABOR RELATIONS BOARD,

    Applicant

and

CARBERRY'S BAKERY, LLC,

    Respondent

## APPLICATION FOR ORDER ENFORCING SUBPOENA DUCES TECUM

The National Labor Relations Board, an administrative agency of the Federal Government, applies to this Court for an order compelling compliance with a subpoena <u>duces tecum</u> that the Board issued and served on Respondent Carberry's Bakery LLC. This application is made under Section 11(2) of the National Labor Relations Act, as amended (29 U.S.C. Section 151 et seq.), (herein the Act). In support of this application the Board states as follows:

    a. This Court has jurisdiction over the subject matter of the proceeding and over Respondent by virtue of Section 11(2) of the Act (29 U.S.C. Section 161(2)). The subpoena was issued within this judicial district and Respondent is a domestic corporation chartered under the laws of the United States and licensed to do business in the Commonwealth of Massachusetts, with offices located at 20 Riverside Park, Malden, Massachusetts. Respondent is engaged in business in this district.

    b. This application arises as a result of events in an unfair labor practice proceeding currently pending before the Board pursuant to Section 10(b) of the Act. The Board process

leading to that proceeding began with a charge filed by Carmen Leticia Tejada in Case 1-CA-42087, which alleged that Carberry's Bakery violated the Act by discharging her because she engaged in protected, concerted activity. A copy of the charge is attached as Exhibit A. This document was prepared, filed, and served consistent with the requirements of Section 10(b) of the Act and of 29 C.F.R. Sections 102.9, 102.10, 102.15, and 102.20 of the Board's Rules and Regulations. These Rules and Regulations have been issued pursuant to Section 6 of the Act (29 U.S.C. Section 156) and have been published in the Federal Register (24 F.R. 9095), pursuant to the Administrative Procedure Act (5 U.S.C. Section 552). See 29 C.F.R. Section 102. This court may take judicial notice of the Board's Rules and Regulations under 44 U.S.C. Section 1507.

c. In order to complete its administrative investigation, a representative of the General Counsel made a written request for and received a subpoena *duces tecum* from the Board. On October 22, 2004,[1] a representative of the General Counsel issued the subpoena *duces tecum* directing Respondent to appear before a Board agent on November 9, 2004, at 10:00 a.m., at the Regional office, located at 10 Causeway Street, Room 601, Boston, Massachusetts, to give testimony and to produce certain records and papers more fully described as follows:

1. Any and all personnel, attendance, and disciplinary files for Carmen Leticia Tejada and Jose de la Cruz Flores.

2. Any and all payroll records for employees for the period from June 30, 2004 to October 15, 2004.

3. The personnel file of any employee discharged, terminated, or involuntarily separated for the period January 1, 2002 through the present.

4. A document listing all supervisory employees at the Arlington facility.

5. Documents showing the Employer's annual gross revenues for the period January 1, 2003 through December 31, 2003.

---

[1] Due to an administrative error, the subpoena was inadvertently dated November 22, 2004, with a return date of November 9, 2004. The certified mail receipt, Exhibit C, establishes that service was made on October 23, 2004.

6. Documents showing, for the period January 1, 2003 through December 31, 2003, the dollar amount of all purchases of goods, supplies, and services purchased by the Employer and the identity and address of the source of each such purchase.

7. Documents showing the Employer's organization or status as a business entity.

A copy of the subpoena duces tecum is attached as Exhibit B. The issuance of this subpoena is consistent with the requirements of Section 11(1) of the Act and Section 102.31(a) of the Board's Rules and Regulations.

    d. The subpoena described above in paragraph c was served on Respondent by addressing and sending it by certified mail to: Keeper of the Records, Carberry's Bakery LLC, 20 Riverside Park, Malden, MA 02148. Respondent acknowledged receipt of the subpoena on October 23, 2004. Service and receipt complied with Section 11(4) of the Act and Section 102.113 of the Board's Rules and Regulations. 29 C.F.R. Section 102.113. A copy of the return post office receipt is attached as Exhibit C.

    e. Section 11(1) of the Act and Section 102.31(b) of the Board's Rules and Regulations provide for a period of 5 days after service of a subpoena within which any person served may petition the Board to revoke the subpoena. Respondent has not at any time filed a petition to revoke the subpoena. Nevertheless, Respondent failed to appear at the Regional Office on November 9, 2004, or to produce the documents as required by the terms of the subpoena. At no time on or since that date has Respondent produced the subpoenaed documents.

    f. Respondent's refusal to appear and to produce the subpoenaed documents, which are relevant to the issues in the proceeding before the Board, constitutes contumacious conduct within the meaning of Section 11(2) of the Act. Furthermore, Respondent's conduct has impeded and continues to impede the unfair labor practice investigation before the Board and is preventing the Board from carrying out its duties and functions under the Act.

In view of Respondent's contumacious conduct, the Board requests:

1. That an order to show cause issue directing Respondent to appear before this Court on a date specified in the order and to show cause why an order should not issue directing him to appear before a representative of the General Counsel in Board Case 1-CA-42087, at such time and place as that representative may designate, and to produce the subpoenaed records described above, to give testimony, and to answer any and all questions relevant to the matters in question;

2. After considering arguments in response to the order to show cause, that this Court issue an order requiring Respondent to appear before a representative of the General Counsel, at a time and place to be fixed by that representative, and to produce the records, give testimony, and answer any and all questions relevant to the matters in question in the unfair labor practice proceedings before the Board; and

3. That the applicant, the National Labor Relations Board, have such other and further relief as may be necessary and appropriate.


Dated: November 30, 2004

National Labor Relations Board

        By:    Arthur F. Rosenfeld, General Counsel
                Ronald S. Cohen, Regional Attorney

                *[signature]*
                Emily Goldman, Counsel for Applicant
                BBO# 630568
                National Labor Relations Board
                First Region
                Thomas P. O'Neill, Jr. Federal Building
                10 Causeway Street - 6th floor
                Boston, Massachusetts 02222-1072
                (617) 565-6734

FORM NLRB-501 (11-88)

FORM EXEMPT UNDER 44 U.S.C 3512

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 1-CA-42087 | 9/17/2004 |

**INSTRUCTIONS:**
File an original together with four copies and a copy for each additional charged party named in item 1 with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

a. Name of Employer

Carberrys' Bakery LLC

b. Number of workers employed

50+

c. Address (Street, city, state, and ZIP code)

20 Riverside Park
Malden MA 02148

d. Employer Representative

Agust Felix Gunnarson
Rhita Mason (Arlington, manager)

e. Telephone No.

781-641-0007

Fax No.

f. Type of Establishment (factory, mine, wholesaler, etc.)

Bakery - store

g. Identify principal product or service

Baked Goods

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) 8(a)(1)(4) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On Sept. 2, 2004 I was terminated from my position in the kitchen. I was terminated because I engaged in protected activity.

**ORIGINAL**

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)

Carmen Leticia Tejada

4a. Address (Street and number, city, state, and ZIP code)

33 Ashton Street #2
Everett, MA 02149

4b. Telephone No.

617 387 0779

Fax No.

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

Individual

### 6. DECLARATION

I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

By Carmen J. Tejada
(signature of representative or person making charge)

Individual
(Print/type name and title or office, if any)

Address 33 Ashton Street #2, Everett, MA 02149   (617) 387 0779   9-17-04
                                                  (Telephone No.)      (date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

Case 1:04-cv-12518-JLT     Document 1     Filed 11/30/2004     Page 6 of 8

EXHIBIT B
FORM NLRB-31
(1/03)

# SUBPOENA DUCES TECUM

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

To **Carberry's Bakery LLC**
    **Attn: Keeper of the Records**
    **20 Riverside Park**
    **Malden, MA 02148**

As requested by **Rosemary Pye, Regional Director**
    **The National Labor Relations Board**
whose address is **Thomas P. O'Neill Jr. Federal Building**
    **10 Causeway Street, Room 601**
    **Boston, MA 02222-1072**
(Street) (City) (State) (Zip)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE

**a Board Agent** of the National Labor Relations Board

at **the Thomas P. O'Neill Jr. Federal Building**
    **10 Causeway Street, Room 601**
in the City of **Boston, MA 02222-1072**

on the **9th** day of **November** 20 **04** at **10:00** (a.m.) (p.m.) or any adjourned or rescheduled date to testify in **Carberry's Bakery LLC**

    **Case 1-CA-42087**
(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

**See Attachment**

In accordance with the Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings), objections to the subpoena must be made by a petition to revoke and must be filed as set forth therein. Petitions to revoke must be received within five days of your having received the subpoena. 29 C.F.R. Section 102.111(b) (3). Failure to follow these regulations may result in the loss of any ability to raise such objections in court.

**B- 501820**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is



Issued at **Boston, Massachusetts**
this **22nd** day of *Robert J Battista* 20 **04**

---

**NOTICE TO WITNESS.** Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

# ATTACHMENT

As used in this attachment to Subpoena, the term "document" includes any written or recorded or graphic matter including, but not limited to, correspondence, notes, minutes of meetings, reports, announcements, newsletters, handbooks, written policies, telegrams, or any other writings, audio tape recordings, video tape recordings, microfilms, microfiche, pictures, photographs, charts, diagrams, contracts, agreements, memoranda, diaries, calendars, data processing card, or computer disks, computer tapes, and other computer generated and stored information data bases, electronic mail or any other writings or graphic matter, including copies containing marginal notes or variations of the foregoing, which is now or has previously been in your possession. If a document has been destroyed or is otherwise unavailable, please so indicate in your response to this Subpoena.

As used in this attachment, the term "Employer" refers to Carberry's Bakery LLC, and the term "employees," unless otherwise noted, refers to all employees at the Employer's Arlington retail facility. This subpoena is limited to the period of January 1, 2004, through the present unless otherwise specified.

1. Any and all personnel, attendance, and disciplinary files for Carmen Leticia Tejada and Jose de la Cruz Flores.

2. Any and all payroll records for employees for the period from June 30, 2004 to October 15, 2004.

3. The personnel file of any employee discharged, terminated, or involuntarily separated for the period January 1, 2002 through the present.

4. A document listing all supervisory employees at the Arlington facility.

5. Documents showing the Employer's annual gross revenues for the period January 1, 2003 through December 31, 2003.

6. Documents showing, for the period January 1, 2003 through December 31, 2003, the dollar amount of all purchases of goods, supplies, and services purchased by the Employer and the identity and address of the source of each such purchase.

7. Documents showing the Employer's organization or status as a business entity.



JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
National Labor Relations Board

**DEFENDANTS** 04 12518 JLT
Carberry's Bakery, LLC

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Emily Goldman    (617) 565-6734
National Labor Relations Board, 6th Fl.
10 Causeway St., Boston, MA 02222-1072

Attorneys (If Known)
Jonathan Levin
585 Boylston Street
Boston, MA 02116

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Subpoena Enforcement Action
29 USC Sec. 161 (2)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE _____
DOCKET NUMBER _____

DATE 11/30/04
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __National Labor Relations Board and Carberry's Bakery, LLC__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.    150, 152, 153.

   04-12518 JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Emily Goldman__
ADDRESS _____
TELEPHONE NO. _____

(Coversheetlocal.wpd - 10/17/02)