IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| |
|---|
| In the Matter of<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>    Applicant<br><br>and<br><br>CARBERRY'S BAKERY, LLC,<br><br>    Respondent |

04 cv 12518 JLT

### APPLICANT'S MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER ENFORCING SUBPOENA DUCES TECUM

This proceeding is before the Court on an Application filed for and on behalf of the National Labor Relations Board (the Board), by its General Counsel and by Ronald S. Cohen, Regional Attorney for Region One, for an order requiring the above Respondent to obey a certain subpoena <u>duces</u> <u>tecum</u> issued by the Board and served on Respondent Carberry's Bakery, LLC.

### I.    JURISDICTION

This Court has jurisdiction to grant the relief requested in the Application by virtue of Section 11(2) of the National Labor Relations Act, as amended (the Act), which provides, in relevant part, [29 U.S.C. Section 161(2)]:

> In the case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States...within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered, or there to give testimony touching the matter under

investigation or in question; and any failure to obey such order of the court may be punished by said court as a contempt thereof.

The subpoena <u>duces tecum</u> that is being enforced in this proceeding was issued by the Board on October 22, 2004, directed to Respondent Carberry's Bakery.[2] Respondent Carberry's Bakery operates various bakeries, including one located at 20 Riverside Park, Malden, Massachusetts. This court has jurisdiction over this matter under Section 11(2) of the Act, as Respondent Carberry's Bakery is located and transacts business within the jurisdiction and district of the court.

## II.  BACKGROUND

On September 17, 2004, Carmen Leticia Tejada filed a charge with the Board in Case 1-CA-42087, alleging that Respondent unlawfully terminated her because she engaged in concerted, protected activity. The charge was served on Respondent on September 17, 2004. On October 22, 2004, the Board issued a subpoena <u>duces tecum</u> to the Respondent, directing it to appear before a Board agent from Region One on November 9, 2004, and to give testimony and produce certain documents pertaining to Ms. Tejada's unfair labor practice allegation. The records and testimony were necessary in order to determine whether the Board has jurisdiction over Respondent, and to determine whether Respondent unlawfully terminated Ms. Tejada. (See Application, Exhibit B). Respondent was served with the subpoena by certified mail, return receipt requested, on October 22, 2004. (See Application, Exhibit C). The Region received a return receipt from the United States Postal Service indicating that Respondent received the subpoena on October 23, 2004.

---

[2] Due to an administrative error, the subpoena was dated November 22, 2004. The return receipt, dated October 23, 2004, is consistent with a mailing date of October 22, 2004.

2

Respondent failed to appear before a Board agent, as directed in the subpoena, on November 9, 2004. Moreover, Respondent did not file a petition to revoke the subpoena with Region One. Although an attorney purporting to represent Respondent with respect to the subpoena contacted the Region One office a single time, that attorney made no arrangements to provide the subpoenaed documents or arrive at any other disposition of the subpoena; consequently, there has been no compliance with the subpoena.

### III. THE SUBPOENA <u>DUCES TECUM</u> WAS ISSUED BY THE BOARD AND SERVED ON RESPONDENT IN THE MANNER PROVIDED BY LAW.

The Board's authority to investigate and prosecute unfair labor practice charges that are filed by persons pursuant to Section 10 of the Act and to issue subpoenas in furtherance of its proceedings is very clearly stated in Section 11(1) of the Act, which provides in relevant part:

### INVESTIGATORY POWERS

Sec. 11. For the purposes of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10 -

(1) The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceedings or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency

designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence....

Congress has directed the Board to delegate to its General Counsel "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under Section 10 [Section 160 of this title]; and in respect to the prosecution of such complaints before the Board, and shall have such other duties as the Board may prescribe...." (Section 3(d) of the Act [29 U.S.C. Section 153(d)]). The subpoena issued herein was issued by the Board, at the request of the General Counsel, pursuant to Section 3(d) of the Act and pursuant to Section 11 of the Act. At no time did Respondent file a petition to revoke said subpoena pursuant to Section 102.31(b) of the Board's Rules. Nevertheless, Respondent failed and refused to produce the documents sought under the subpoena.

### IV. THE COURT SHOULD ENFORCE THE SUBPOENA BECAUSE THE EVIDENCE IT SEEKS IS RELEVANT TO A MATTER UNDER INVESTIGATION BY THE BOARD AND IS DESCRIBED WITH SUFFICIENT PARTICULARITY.

It is well established that the scope of the Board's subpoena power is a broad one and is subject to extremely limited judicial review. A district court is required to uphold a subpoena if "production of the evidence...called for by the subpoena...relates to a matter under investigation or in question." NLRB v. Williams, 396 F.2d 247, 249, 68 LRRM 2297 (7th Cir. 1968) and if that evidence is "described with sufficient particularity." NLRB v. ITT Telecommunications, 415 F.2d 768, 769, 71 LRRM 3231 (6th Cir. 1969).

The documents sought in the subpoena duces tecum herein clearly relate to the investigation being conducted by the Board. First, the subpoena seeks documents

4

necessary to determine the threshold issue of whether the Board has jurisdiction over Respondent. In addition, the subpoena seeks documents that go to the merits of the case.

In a case involving an alleged discharge for engaging in protected, concerted activity, the Region investigates the facts surrounding the discharge, including the reason for the discharge, the charging party's disciplinary record, if any, and whether her discipline was consistent with the employer's past practice in regards to other employees. In conducting its investigation into the allegations in the charge, the Board obtained evidence that on about September 2, 2004, Respondent discharged Ms. Tejada, who had worked for Respondent for approximately four years, immediately after she requested a co-worker to question the Employer why her husband, José de la Cruz Flores, also an employee, had been removed from the Saturday schedule at Respondent's Arlington, Massachusetts bakery. The evidence accumulated in the investigation presently indicates that Ms. Tejada was given no explanation for her termination, that she had no disciplinary record, and had not engaged in any conduct that might justify summary termination for valid business reasons.

The timing of Respondent's discharge of Ms. Tejada, without explanation, given her four-year tenure and the absence of any disciplinary record, suggests an improper motive related to her inducing a co-worker to question the Employer as to her husband's scheduling assignment.

The information sought in the subpoena is tailored to determine, first and foremost, whether the Board has jurisdiction over the Employer, and if so, whether Respondent discharged Ms. Tejada for unlawful reasons, namely her advocacy on behalf of her husband.

In conducting its investigation, the Board sought cooperation from Respondent Carberry's Bakery. Because Respondent did not cooperate in the investigation, the Board issued the subpoena <u>duces</u> <u>tecum</u> that is attached to the Application as Exhibit B. The subpoena issued to Respondent calls for the production of personnel, attendance, and disciplinary records for Ms. Tejada and Mr. Flores; payroll records for the period June 30, 2004 to October 15, 2004; personnel files of employees who were discharged between January 1, 2002 and present; a listing of supervisory employees; documents that show Respondent's annual gross revenues and the dollar amount of purchases of goods, supplies and services by the Respondent, including the identity and address of the source of each purchase; and documents showing Respondent's status as a business entity.

This information is necessary to determine whether the Board has jurisdiction over Respondent, and whether Respondent committed the unfair labor practices alleged in the charge pending before the Board. Specifically, the Board needs the requested information in order to determine whether the Respondent unlawfully discharged Ms. Tejada because of protected, concerted activity. The information required by the subpoena will assist the Region in determining whether the Respondent's termination of Ms. Tejada was based on legitimate business considerations or on unlawful factors.

The substantive merits of the unfair labor practice charge and the ultimate materiality of particular items of evidence need not, and should not, be considered by the Court in this narrow proceeding to enforce the Board's subpoena. Historically, proceedings for enforcement of subpoenas have been regarded as ancillary to the principal case pending before the Board, and the courts have viewed their power of inquiry to be "extremely limited." <u>NLRB v. C.C.C. Associates, Inc.</u>, 306 F.2d 534, 538 (2d Cir. 1962).

In <u>Cudahy Packing Company v. NLRB</u>, 306 F.2d 534, 694 (10th Cir. 1941), the Court stated:

> When an application is filed with the District Court for an order requiring obedience to a subpoena, it may inquire only to ascertain that <u>a proceeding is pending before the Board of which it has jurisdiction and that the evidence sought relates to or touches the matter under investigation</u>. If the facts are found to exist, it is the duty of the Court to order obedience to the subpoena. [Underscoring added].

The only defenses that a Respondent may assert in such proceeding are that the proceeding in which the evidence is sought is not one over which the Board has jurisdiction or that the evidence does not relate to or touch the matter under consideration. It may not in such proceeding assert its defenses in the principal case.

Any issues which the Board has power to hear and determine must be urged in the principal case so that the Board may exercise its duty to resolve such issues "in the first instance." <u>Hamilton v. NLRB</u>, 117 F.2d 676, 677 (9th Cir. 1949). The Board's final decision on such issues may be reviewed by an appropriate United States Court of Appeals. Provisions whereby the parties may obtain judicial review are contained in Section 10(e) and (f) of the Act.

Here, Respondent Carberry's Bakery has failed to comply with the Board's subpoena. By refusing to comply with the subpoena, Respondent is hindering the Board in its investigation of the unfair labor practice charge and is precluding it from properly determining the merits of that charge.

V.   **CONCLUSION**

Based upon all the foregoing, Counsel for the General Counsel of the Board respectfully requests that its Application For Order Enforcing Subpoena <u>Duces</u> <u>tecum</u> be granted.

NATIONAL LABOR RELATIONS BOARD

Arthur F. Rosenfeld, General Counsel

_____
Ronald S. Cohen, Regional Attorney

_____
Emily Goldman, Attorney
National Labor Relations Board
First Region
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street - Sixth Floor
Boston, Massachusetts 02222-1072
BBO #630568
(617) 565-6734

Dated at Boston, Massachusetts
this 30th day of November, 2004.

| | |
|---|---|
| In the Matter of<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant<br><br>and<br><br>CARBERRY'S BAKERY, LLC,<br><br>Respondent | FILED<br>IN CLERK'S OFFICE<br><br>2004 NOV 30 P 2:18<br><br>DISTRICT COURT<br>DISTRICT OF MASS<br><br>04cv 12518 JLT |

## CERTIFICATE OF SERVICE

I, Emily Goldman, Counsel for the Applicant herein, hereby certify that a copy of the Application for Order Requiring Obedience to Subpoena <u>Duces</u> <u>Tecum</u>, Proposed Order to Show Cause, Proposed Order Enforcing Subpoena <u>Duces</u> <u>Tecum</u>, and Memorandum in Support of Application were served by Certified Mail on November 30, 2004 on the following persons:

Carberry's Bakery, LLC
20 Riverside Park
Malden, Massachusetts 02148
Certified Number: 7000 1670 0006 8693 4674

_____
Emily Goldman
BBO # 630568
Counsel for Applicant
Region One
National Labor Relations Board
Thomas P. O'Neill, Jr. Federal Building
10 Causeway Street - Sixth Floor
Boston, Massachusetts  02222-1072